IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMERSON M.F. JOU, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY M. ADALIAN, <br><br> Defendant. | Civ. No. 15-00155 JMS-KJM <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, ECF NO. 176 |

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, ECF NO. 176**

**I. INTRODUCTION**

Plaintiff Emerson M.F. Jou ("Plaintiff") moves for Judgment on the Pleadings (the "Motion") as to Defendant Gregory M. Adalian's ("Defendant") affirmative defenses set forth in his October 7, 2016 Answer to Plaintiff's Second Amended Complaint ("SAC"). ECF No. 176. For the reasons set forth below, the Motion is DENIED as untimely.

**II. BACKGROUND**

This case, and its predecessor, has a long and somewhat tortured history. *See, e.g.*, *Jou v. Adalian*, 2015 WL 477268 (D. Haw. Feb. 5, 2015) and

*Jou v. Adalian*, 2016 WL 4582042 (D. Haw. Sept. 1, 2016). This Motion, however, is fairly straightforward and requires only limited background.

Plaintiff filed his original complaint in this case on April 29, 2015. ECF No. 1. Defendant answered on October 23, 2015, setting forth 20 affirmative defenses. ECF No. 20. A First Amended Complaint ("FAC") was filed on November 13, 2015, ECF No. 21, and on November 23, 2015 the answer was filed, this time with 22 affirmative defenses. ECF No. 24.

On September 1, 2016, the court entered an Order dismissing the FAC, but granting Plaintiff leave to amend as to a single claim. ECF No. 67. Plaintiff's SAC was then filed on September 22, 2016, ECF No. 68, and the Answer to the SAC was filed on October 7, 2016. ECF No. 72. This Answer also contains 22 affirmative defenses.

On July 24, 2017, over nine months after Defendant filed his Answer to the SAC, Plaintiff filed this Federal Rule of Civil Procedure ("Rule") 12(c) Motion seeking judgment on the majority of the affirmative defenses. Plaintiff makes two arguments: 1) the *Twombly/Iqbal* plausibility standard applies to affirmative defenses; and 2) regardless of the standard that applies, Defendant's affirmative defenses are conclusory or boilerplate, and thus judgment on the affirmative defenses must be entered in Plaintiff's favor. Defendant filed an

opposition on August 16, 2017. ECF No. 192. The court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

### III.  ANALYSIS

Ultimately, the court does not address the merits of Plaintiff's claim, finding that the Motion should be construed as one brought under Federal Rule of Civil Procedure 12(f), and is untimely. In reaching this decision, the court addresses two issues. First, whether the *Twombly/Iqbal* standard applies to affirmative defenses. And second, whether the Motion is timely. And in discussing the second issue, the court examines the relationship between Rule 12(f)[1] (which places a time limit on the filing of a motion to strike an "affirmative defense") and Rule 12(h)(2)(B)[2] (which authorizes the filing of a Rule 12(c) motion for failure "to state a legal defense to a claim").

---

[1] Rule 12(f) states:
> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

[2] Rule 12(h)(2) states:
> Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
> (A) in any pleading allowed or ordered under Rule 7(a);
> (B) by a motion under Rule 12(c); or
> (C) at trial.

## A. *Twombly/Iqbal* Do Not Apply to Affirmative Defenses

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), require that a complaint contain sufficient factual information to state a plausible claim to relief. Since *Twombly* and *Iqbal*, district courts in the Ninth Circuit have been divided on whether this standard applies to affirmative defenses. *Compare*, *e.g.*, *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, at *6-7 (N.D. Cal. Mar. 26, 2012) (finding that the heightened standard applies to affirmative defenses); *and Dion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221, at *2-3 (N.D. Cal. Jan. 17, 2012) (explaining that a majority of district courts have extended *Twombly* and *Iqbal* to affirmative defense pleading);[3] *with Exp. Dev. Canada v. ESE Elecs. Inc.*, 2017 WL 1838581, at *3-4 (C.D. Cal. May 4, 2017) (declining to extend the *Twombly* and *Iqbal* pleading standard to affirmative defenses); and *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012) (same).

Several years ago this court refused to extend the *Twombly/Iqbal* plausibility standard to affirmative defenses. *See Cape Flattery Ltd. v. Titan Mar. LLC*, 2012 WL 3113168 (D. Haw. July 31, 2012). *Cape Flattery* explained:

---

[3] When a court applies the *Twombly/Iqbal* standard to affirmative defenses, "the simple listing of a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist is not sufficient." *See Miller v. Ghirardelli Chocolate Co.*, 2013 WL 3153388, at *3 (N.D. Cal. June 19, 2013) (internal quotation marks omitted).

> First, *Twombly* and *Iqbal* address claims for relief under Rule 8(a)(2), which requires that a claim for relief provide "a short and plain statement of the claim *showing* that the pleader is entitled to relief." (emphasis added). In comparison, "[s]tating an affirmative defense under Rule 8(c) . . . does not require the pleader to 'show' entitlement to its defense. Rather, Rule 8(c) merely requires that a party affirmatively state any avoidance or affirmative defense.
>
> Second, the Ninth Circuit has described the pleading standard for affirmative defenses as a "fair notice" standard, and has continued to apply this standard since *Twombly* and *Iqbal*.
>
> Third, a plaintiff has much more time to investigate and draft a complaint as compared to a defendant who must answer it (usually within twenty-one days, *see* Fed. R. Civ. P. 12(a)(1)(A)(i)). Indeed, unlike a complaint, affirmative defenses require no response. As a result, "[w]hatever one thinks of *Iqbal* and *Twombly*, the 'plausibility' requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days."

*Id*. at *10 (omission in original) (internal footnote and citations omitted).

And more recently, the Ninth Circuit reiterated that no heightened pleading standard applies to affirmative defenses, stating that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.1998)).

///

///

Based on the court's rationale as expressed in *Cape Flattery*, and given the Ninth Circuit's statement in *Kohler*, the court finds that an affirmative defense need not meet the *Twombly/Iqbal* plausibility standard.

**B.     The Motion is Construed as Filed Under Rule 12(f)**

The court next addresses whether the Motion is timely. If filed as a motion to strike an "insufficient defense" under Rule 12(f), then it is barred by Rule 12(f)(2), which requires that a Rule 12(f) motion be filed "within 21 days after being served with the pleading." But if filed as a motion for failure "to state a legal defense to a claim" under Rule 12(h)(2)(B), then it is timely.[4]

As a starting point, most courts appear to assume that *any* motion to strike an affirmative defense must be brought under Rule 12(f). *See, e.g.*, *Bank of N.Y. Mellon v. Walch*, 2017 WL 1734031, at *6 (D.N.J. May 3, 2017) (finding motion to strike affirmative defenses untimely under Rule 12(f)); *First Nat'l City Bank v. Burton M. Saks Constr. Corp.*, 70 F.R.D. 417, 419 (D.V.I. 1976) (same); *Campmed Cas. & Indem. Co., Inc. v. Specialists on Call, Inc.*, 2017 WL 373463, at *3 (E.D. Tex. Jan. 26, 2017) ("A Rule 12(b)(6) motion is not proper to dismiss a defendant's affirmative defense. The proper procedure requires a motion to strike pursuant to Rule 12(f)."); *Pylant v. Cuba*, 2015 WL 12753669, at *4 (N.D. Tex.

---

[4] A Rule 12(h)(2)(B) motion may be raised under Rule 12(c), which permits a motion to be filed after the pleadings are closed, but "early enough not to delay trial." If construed as a Rule 12(c) motion, the Motion would be timely.

6

Mar. 6, 2015) ("Rule 12(f), rather than Rule 12(b)(6), provides the proper vehicle to address an insufficient affirmative defense."); *Voyton v. Hayman*, 2014 WL 12569367, at *1 (C.D. Cal. July 11, 2014) (construing a Rule 12(b)(6) motion to strike an insufficient defense as brought under Rule 12(f)); *Inlet Condo. Ass'n Inc. v. Childress Duffy, Ltd.*, 2013 WL 11320208, at *1 (S.D. Fla. May 21, 2013) ("[T]he proper vehicle for Inlet's challenges to Childress' affirmative defenses is a motion to strike pursuant to Fed. R. Civ. P. 12(f) rather than a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)."); *Ryan v. Law Offices Howard Lee Schiff, P.C.*, 2011 WL 1060287, at *1 n.1 (D. Conn. Mar. 23, 2011) ("Plaintiff's motion refers to both Rule 12(f) and 12(b)(6), but Rule 12(f) is the proper vehicle to move to strike a defendant's affirmative defense.").

But these cases largely ignore Rule 12's second method of challenging an affirmative defense -- Rule 12(h)(2)(B). As stated, this rule permits the filing of a Rule 12(c) motion for failure to state a legal defense to a claim. So, the question becomes how to reconcile Rule 12(f) and Rule 12(h)(2)(B). More specifically, what is the difference between challenging an "insufficient defense" under Rule 12(f) and challenging the failure to state a "legal defense" to a claim under Rule 12(h)(2)(B)? In answering this question, the court follows some general rules of statutory construction. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017) (applying traditional tools of statutory

construction to interpret the Federal Rules of Civil Procedure). The court starts, of course, with plain meaning. *Id*. And an "interpretation that gives effect to every clause is generally preferable to one that does not." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014). As a corollary rule, "'no provision should be construed to be entirely redundant.'" *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 643 (9th Cir. 2012) (quoting *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir. 2003)). Thus, "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, at 181-86) (rev. 6th ed. 2000)).

As an initial matter, the court rejects the view that Rule 12(h)(2)(B) "simply allows a [Rule 12(f)] motion to be filed beyond the deadline set forth in Rule 12(f)." *Doe v. Freeburg Comm. Consol. Sch. Dist. No. 70*, 2012 WL 4006333, at *1 (S.D. Ill. Sept. 12, 2012). This interpretation renders meaningless Rule 12(f)(2)'s requirement that a Rule 12(f) motion be filed within twenty-one days of service of the complaint. And, it fails to recognize the difference between an "insufficient" and a "legal" defense.

The court concludes that the difference between an "insufficient defense" and the failure to "state a legal defense to a claim" is based on the *type* of

8

challenge being made. A claim of an "insufficient defense" covers a broader array of possible challenges than one claiming failure to state a "legal defense." In fact, while every failure to state a "legal defense" would also likely be an "insufficient defense," the reverse isn't true -- some defenses can be insufficient but still state a legal defense. This follows from the definition of "legal defense" as "a complete and adequate defense in a court of law." *See* Black's Law Dictionary (10th ed. 2014). If a defense is not a complete and adequate one, it is not a legal defense. So, for example, if an affirmative defense of laches is not available as a matter of law in a particular case, then the plaintiff could move under Rule 12(h)(2)(B) (via Rule 12(c)) for judgment on the pleadings as to that defense.[5] But if a Plaintiff simply claims that an affirmative defense as pled is too conclusory or boilerplate, then that claim does not challenge legal adequacy;[6] instead, it asserts that the defense is insufficient as pled. *See Cohen v. SunTrust Mtg.*, 2017 WL 1173581, at *1 (D.S.C. Mar. 30, 2017) (finding that an allegation that an affirmative defense fails to allege sufficient supporting facts falls under Rule 12(f), not Rule 12(h)(2)(B)). This reading of Rule 12(f) and 12(h)(2)(B) gives meaning to both provisions and avoids finding any provision superfluous.

---

[5] And if timely, that Plaintiff could likely move under Rule 12(f) as well. After all, the defense would also be "insufficient."

[6] The court need not determine whether, if *Twombly/Iqbal* applies to affirmative defenses, a challenge could be made that the lack of plausibility raises to the level of a "legal" defense.

9

Here, Plaintiff simply claims that the majority of affirmative defenses are boilerplate and conclusory -- i.e., they are insufficient as pled. The court thus construes the Motion as being brought pursuant to Rule 12(f). And because it was filed many months late, it is untimely.

The distinction the court draws between an insufficient defense and a failure to state a legal defense also make practical sense. Defendant filed his Answer to the SAC on October 7, 2016. ECF No. 72. Although the alleged "boilerplate" deficiencies of these affirmative defenses were clearly known to Plaintiff by that date, he waited until July 24, 2017 to file the Motion, over nine months later. Further, he claims quite incredibly that the court should enter judgment as to the affirmative defenses without leave to amend. And if Plaintiff prevailed under his theory, he could wait many months to file his Rule 12(c) motion, and then deprive Defendant of relying on the vast majority of his affirmative defenses at trial. Such a result is in direct conflict with Rule 1's requirement that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

///

///

///

## IV. CONCLUSION

Plaintiff's Motion is construed as brought under Federal Rule of Civil Procedure 12(f), and is DENIED as untimely under Federal Rule of Civil Procedure 12(f)(2).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 23, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Jou v. Adalian*, Civ. No. 15-00155 JMS-KJM, Order Denying Plaintiff's Motion for Judgment on the Pleadings as to Defendant's Answer and Affirmative Defenses, ECF NO. 176