IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EMERSON M.F. JOU, M.D., | ) | CIVIL NO. 15-00155 JMS-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | DEFENDANT GREGORY M. |
| GREGORY M. ADALIAN, | ) | ADALIAN'S BILL OF COSTS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANT GREGORY M. ADALIAN'S BILL OF COSTS

On May 9, 2018, Defendant Gregory M. Adalian ("Defendant") filed a Bill of Costs. ECF No. 252. On May 11, 2018, Defendant filed an Errata to Exhibit "A" to Affidavit of Stephen M. Tannenbaum [DKT. 252-3] Filed in Support of Defendant's Bill of Costs. ECF No. 254. On May 15, 2018, Plaintiff Emerson M.F. Jou, M.D. ("Plaintiff") filed a Memorandum Objecting to Defendant's Bill of Costs ("Objection"). ECF No. 255.

The Court elected to decide the Bill of Costs without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After careful consideration of the Bill of Costs, the parties' memoranda, and the record established in this action, the Court

FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendant's Bill of Costs.

BACKGROUND

This case arises out of long-running dispute between Plaintiff and Defendant that dates back to at least May 2009. *See* ECF No. 67 at 2. The Court and the parties are familiar with the background of this case. The Court thus recites only those facts relevant to disposition of the Bill of Costs.

On September 22, 2016, Plaintiff filed a Second Amended Complaint, asserting a single claim for spoliation of evidence. ECF No. 68. On October 7, 2016, Plaintiff filed a "Motion for Certification of Questions to Hawaii Supreme Court" ("Motion for Certification"). ECF No. 71. In the Motion for Certification, Plaintiff asked the district court to certify questions to the Hawaiʻi Supreme Court regarding Plaintiff's spoliation of evidence claim. *See* ECF No. 71-1 at 4.

On October 11, 2016, the district court issued an entering order regarding the Motion for Certification ("10/11/2016 EO"). ECF No. 73. In the 10/11/2016 EO, the district court found that the Motion for Certification was premature, and thus dismissed it without prejudice. *Id.* The parties then proceeded to litigate Plaintiff's spoliation claim, conducting discovery and filing various motions.

On August 17, 2017, Defendant filed a Motion for Judgment on the Pleadings as to the Second Amended Complaint ("MJOP"). ECF No. 194. On

April 25, 2018, the district court granted Defendant's MJOP and dismissed the Second Amended Complaint with prejudice.  *See* ECF No. 249 at 29.  The Clerk of Court subsequently entered judgment in favor of Defendant on April 25, 2018.  ECF No. 250.

Defendant timely filed a Bill of Costs on May 9, 2018.  ECF No. 252.  The Bill of Costs includes a supporting affidavit from Defendant's counsel, Stephen M. Tannenbaum, Esq. ("Tannenbaum Affidavit").  ECF No. 252-2.

## DISCUSSION

Defendant requests $6,834.88 in costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP").  *See* ECF No. 252 at 2-4.  FRCP Rule 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Thus, pursuant to FRCP Rule 54(d), courts have discretion to award costs to the prevailing party. *See Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."  *Id.*  "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the appellate court] will assume it acted based on that

3

presumption." *Quan v. Comput. Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (brackets added) (citations omitted). "To overcome this presumption, a losing party must establish a reason to deny costs." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

While courts have discretion to award costs pursuant to Rule 54(d), "courts may only tax those costs defined in 28 U.S.C. § 1920." *Yasui*, 78 F. Supp. 2d at 1126 (other citations omitted) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176 (9th Cir. 1990) (providing that § 1920 enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)). Section 1920 enumerates costs taxable to the prevailing party:

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant's Bill of Costs seeks to recover costs for transcripts, service of subpoenas, witness attendance, and copying. The Court addresses Defendant's specific requests and Plaintiff's objection to such requests in turn.

A.   Transcript Costs

Section 1921(2) allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1921(2). Defendant seeks $4,421.67 in reimbursement for costs of transcripts costs. Of this amount, Defendant requests $4,252.56 for deposition transcripts[1] and $169.11 for a court proceeding transcript.

    1.   Depositions

Local Rule 54.2 limits an award for transcript fees to the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case . . . ." LR54.2(f)(2). In addition, Local Rule 54.2 provides that "[a] deposition need not be introduced at trial, so long as, at the time it was taken, it could reasonably have been expected that the deposition would be used for trial preparation, rather than mere discovery." *Id.* Defendant requests $4,252.56 for deposition transcripts as follows: (1) $146.60 for Plaintiff's

---

[1] The Court notes that Defendant initially requested $4,195.92 for deposition transcripts. Defendant, however, also requested $56.64 for the deposition transcript of Milton Jou, which Defendant initially included as part of his request for copying costs. The Court thus adjusts Defendant's request for deposition transcripts to include the $56.64 for Milton Jou's deposition transcript.

5

December 7, 2016 deposition; (2) $1,452.77 and $890.05 ($2,342.82 total) for Plaintiff's January 5, 2017 videotaped deposition; (3) $1,200.73 for A. Joel Criz's ("Mr. Criz") March 28, 2017 deposition; (4) $56.64 for Milton Jou's July 3, 2017 deposition; and (5) $505.77 for Defendant's April 5, 2017 deposition.

     Plaintiff objects to Defendants' request, contending that the above depositions were not necessary because "the District Court did not want the parties to engage in trial-preparation while the issue of certification from this Court to the Hawaii Supreme Court was being decided – a lengthy process." ECF No. 255 at 6 (citing ECF No. 249 at 4-9). Plaintiff is correct that the district court has previously considered the issue of certification in this case. On October 7, 2016, Plaintiff filed a Motion for Certification of Questions to Hawaii Supreme Court ("Motion for Certification"). ECF No. 71. On October 11, 2016, the district court issued an entering order regarding the Motion for Certification ("10/11/2016 EO"). ECF No. 73. In the 10/11/2016 EO, the district court found that the Motion for Certification was premature and, thus, dismissed it without prejudice. *Id.*

     Contrary to Plaintiff's contention, however, nothing in the record indicates further consideration of the certification issue until August 2017. *See* ECF Nos. 183, 189. Nor does Plaintiff cite to any part of the record indicating that, between issuance of the 10/11/2016 EO and August 2017, the district court or this Court ordered the parties not to conduct discovery. Because the depositions for

6

which Defendant seeks reimbursement occurred between October 2016 and August 2017, the Court finds that Plaintiff's objection is without merit. The Court thus turns to Defendant's specific deposition transcript requests.

      a.    Plaintiff's Depositions

First, Defendant requests $146.60 for Plaintiff's first deposition on December 7, 2016, at which Plaintiff did not appear. ECF No. 252-4 at 11. According to the Tannenbaum Affidavit, the cost for this transcript was "necessary to record Plaintiff's non-appearance at [the] properly-noticed deposition for which his motion to quash had been denied, and for [a] likely motion to compel . . . ." ECF No. 252-2 at 4.

The Court acknowledges that Defendant felt it necessary to order the transcript to create a record of Plaintiff's failure to appear at this deposition and for potential use in a motion to compel Plaintiff's appearance at a subsequent deposition. The Local Rules, however, only allow recovery for deposition transcripts when "it would reasonably have been expected that the deposition would be used for trial preparation, rather than mere discovery." LR54.2(f)(2). The Court finds that the use of the transcript of the deposition at issue was limited to showing Plaintiff's failure to appear and Defendant could not have reasonably expected to use the transcript for trial preparation. Thus, given the standard under

the Local Rules, the Court recommends that the district court deny Defendant's request for $146.60 for the transcript of Plaintiff's first deposition.

Second, Defendant requests $2,342.82 for Plaintiff's videotaped deposition on January 5, 2017. ECF No. 252-4 at 13-14. Of this amount, $1,452.77 is for an original and one copy of the stenographic transcript and $890.05 for a video original and four DVD copies ($25.00 each). *See id.* The Local Rules allow for recovery for the "cost of a stenographic *and*/or video original and one copy of any deposition transcript necessarily obtained for use in the case . . . ." LR54.2(f)(2) (emphasis added).

The Court finds that Plaintiff's deposition transcript was necessarily obtained for use in this case and Defendant is entitled to recover costs for a stenographic and video original and one copy. The Court finds, however, that Defendant is not entitled to recover $75.00 plus GET for the three additional video copies of the deposition. The Court thus recommends that the district court award Defendant $2,264.29 total for Plaintiff's deposition transcripts.[2]

---

[2] This amount consists of: (1) $1,452.77 for the stenographic original and one copy of Plaintiff's videotaped deposition on January 5, 2017, *see* ECF No. 252-4 at 14; and (2) $811.52 for the video original and one DVD copy of Plaintiff's videotaped deposition on January 5, 2017 ($750.00 for a video original, $25.00 for one DVD copy, and $36.52 for GET), *see* ECF No. 252-4 at 13.

8

b.   Mr. Criz's Deposition

Defendant requests $1,200.73 for an original and one copy of the videotaped deposition of Mr. Criz on March 28, 2017. ECF No. 252-4 at 19. The Tannenbaum Affidavit asserts that Mr. Criz's deposition transcript was necessary to, among other things, "authenticate and provide evidence . . . relevant to the timing of Plaintiff's awareness of his claims and to contradict Plaintiff's professed statements of fact[,]" and "to contradict much of Plaintiff's sworn testimony and allegations and sworn court submissions." ECF No. 252-2 at 6-7. Based on the statements in the Tannenbaum Affidavit, the Court finds that Defendant is entitled to recover the costs of Mr. Criz's deposition transcript. Accordingly, the Court recommends that the district court award Defendant $1,200.73.

c.   Milton Jou's Deposition

Defendant requests $56.64 for an original and one copy of the transcript of Milton Jou's deposition upon written questions. *See* ECF No. 252-4 at 7; ECF No. 252-4 at 31. At his deposition, Milton Jou also produced more than 50 pages in response to a subpoena duces tecum from Defendant. *See* ECF No. 252-4 at 7. The Tannenbaum Affidavit states that the transcript and subpoenaed documents "were necessary to obtain documentary evidence (and for authentication of the same)" and that many of the produced documents would be used as trial exhibits. *See id.* at 7-8. Based on the statements in the Tannenbaum Affidavit, the Court

finds that Defendant is entitled to recover the costs of Milton Jou's deposition transcript. The Court thus recommends that the district court award Defendant $56.64.

        d.    Defendant's Deposition

Defendant requests $505.77 for an original and one copy of Defendant's deposition transcript. ECF No. 252-4 at 20. Plaintiff does not object to this request. The Tannenbaum Affidavit states that Defendant's deposition transcript was "necessary if the case ultimately went to trial for trial and witness preparation." ECF No. 252-2 at 6. Based on the Tannenbaum Affidavit, and given Plaintiff's lack of objection, the Court recommends that the district court award Defendant $505.77 for the costs of Defendant's deposition transcript.

    2.    Court Proceeding

Defendant seeks $169.11 for costs incurred to obtain a copy of the transcript of the district court's June 27, 2016 hearing on Defendant's Motion for Judgment on the Pleadings ("06/27/2016 Hearing") (ECF No. 41). The Tannenbaum Affidavit explains the 06/27/2016 Hearing concerned a "crucial hearing and decision by the Court on a dispositive motion filed by Defendant . . . and was thereafter used for subsequent strategy, case planning, trial planning, motions, and overall trial preparation." ECF No. 252-2 at 9. Plaintiff does not object Defendant's request for the 06/27/2016 Hearing transcript costs. The Court thus

recommends that the district court award Defendant $169.11 for the transcript of the 06/27/2016 Hearing.

In sum, the Court recommends that the district court award Defendant $4,196.54 total for transcript costs.[3]

B.     Fees for Service of Subpoenas

Defendant seeks $1,152.14 in costs for service of subpoenas.  Section 1921(1) allows recovery for "[f]ees of the clerk and marshal[.]"  28 U.S.C. § 1921(1).  Pursuant to Local Rule 54.2(f), "[f]ees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."  LR54.2(d)(f)(1).

Defendant requests fees for service of subpoenas on Mr. Criz as follows: (1) $64.71 for service of a subpoena for an oral deposition (including mileage) ("Deposition Subpoena"); and (2) $128.67 for service of a subpoena duces tecum ("SDT Subpoena").  *See* ECF No. 252-4 at 18, 27.  The $128.67 for service of the SDT Subpoena consists of $60 for service of the SDT Subpoena, $60 for service of the "Notice of Issuance of Subpoena," $2.88 for mileage, and $5.79 for GET.  *See* ECF No. 252-4 at 27.  In light of this Court's finding that Mr. Criz's deposition transcript was reasonably necessary, and based on its familiarity with this case, the

---

[3] This amount consists of:  (1) $2,264.29 for transcripts and video of Plaintiff's deposition; (2) $1,200.73 for transcripts for Mr. Criz's deposition; (3) $56.64 for transcripts of Milton Jou's deposition; (4) $505.77 for transcripts of Defendant's deposition; and (5) $169.11 for the transcript of the 06/27/2016 Hearing.

Court finds that Defendant's Deposition Subpoena and SDT Subpoena to Mr. Criz were reasonably required and, thus, compensable. The Court finds, however, that Defendant is not entitled to recover the $60 plus GET for service of the "Notice of Issuance of Subpoena" because the Bill of Costs fails to explain why such costs were necessary. Accordingly, the Court recommends that the district court award Defendant $130.55 for service of subpoenas to Mr. Criz.[4]

Defendant also requests $141.86 for service of a subpoena on Milton Jou, which includes $60 for service of the subpoena, $60 for service of the "Notice of Issuance of Subpoena," $15.48 total for mileage for two service attempts, and $6.38 for GET. *See* ECF No. 252-4 at 34. The Court finds that, based on its finding that Milton Jou's deposition was reasonably necessary and its familiarity with the case, Defendant is entitled to recover the costs of serving the subpoena on Milton Jou. As with Mr. Criz, however, Defendant is not entitled to recover the $60 plus GET for service of the "Notice of Issuance of Subpoena" because the Bill of Costs again fails to explain why such costs were necessary. Accordingly, the

---

[4] This amount consists of $64.71 for service of the Deposition Subpoena and $65.84 for service of the SDT Subpoena. The $65.84 for service of the SDT Subpoena consists of $60.00 for service of the SDT Subpoena, $2.88 for mileage, and $2.96 for GET.

Court recommends that the district court award Defendant $79.04 for service of the subpoena to Milton Jou.[5]

The $816.90 remainder of Defendant's request is for service of subpoenas to third parties Angelita Jou, Hawaiian Trust Company, Limited, American Trust Company of Hawaii, Inc., Robinson & Company, P.C., and Iron Properties (collectively, "Third Parties"). The Court finds that Defendant fails to establish that such costs were reasonably necessary. Neither the Bill of Costs nor the Tannenbaum Affidavit explains the purposes for the subpoenas to the Third Parties. The Court is thus without sufficient information to determine whether the subpoenas were reasonably necessary. Accordingly, the Court recommends that the district court deny Defendant's request for $816.90 for costs to serve the subpoenas on the Third Parties.

In sum, the Court recommends that the district court award Defendant $209.59 for costs incurred for service of subpoenas to Mr. Criz and Milton Jou in this case.[6]

---

[5] This amount consists of $60.00 for service of the subpoena, $15.48 for mileage, and $3.56 for GET.

[6] This amount consists of $130.55 for service of subpoenas on Mr. Criz and $79.04 for service of a subpoena on Milton Jou.

C.   Witness Fees

Witness fees are taxable pursuant to § 1920(3). Local Rule 54.2(f)(3) further specifies that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." LR54.2(f)(3). Section 1821 limits recovery of witness fees to $40.00 per day and reasonable travel expenses "at the most economical rate reasonably available" on a common carrier. 28 U.S.C. § 1821(b), (c)(1); *see also Clausen v. MIV New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)).

Defendant requests reimbursement of $40 for witness fees paid to Mr. Criz for Mr. Criz's attendance at his deposition for this case. *See* ECF No. 102. Although Defendant admits he does not attach a copy of the check issued to Mr. Criz, the Court is satisfied with the Tannenbaum Affidavit's representation that Defendant actually incurred this cost. *See* ECF No. 252-2 at 16-17. Because Defendant's request is within the amount permissible under § 1821, the Court finds that Defendants' request is reasonable. Accordingly, the Court recommends that the district court award Defendant $40 for Mr. Criz's witness fees.

D.     Copying Costs

Printing and copying costs are taxable under § 1920. *See* 28 U.S.C. § 1920(3), (4). Local Rule 54.2(f) provides, in relevant part: "The costs of copies necessarily obtained for use in the case is taxable, provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." LR54.2(f)(4). Defendant requests reimbursement of $260.28 for printing and copying costs. Of this amount, $38.25 is for in-house copying costs, and the remaining $222.03 is for outside copying costs.[7]

       1.     In-house Copying

Regarding Defendant's request for $38.25 for in-house copying costs, the Tannenbaum Affidavit states that such costs "were necessary because, in this rare instance, hard copies of the pleading were sent to the client in this matter." ECF No. 252-2 at 10, 11. Local Rule 54.2(f)(4) expressly states, however, that "[t]he cost of copies obtained for use and/or convenience of the party seeking recovery and its counsel is not taxable." LR54.2(f)(4). Because the $38.25 incurred for in-house copying was for copies obtained for Defendant's own use and convenience

---

[7] Defendant initially requested $278.67 for outside copying costs. This amount, however, included $56.64 for the cost of Milton Jou's deposition transcript, which this Court addressed above in its analysis regarding Defendant's request for transcript costs. The Court accordingly adjusts Defendant's request for outside copying costs to $222.03.

15

in this case, the Court finds that Defendant is not entitled to recover such costs. The Court thus recommends that the district court deny Defendant's request for $38.25 for in-house copying costs.

2. Outside Copying

Defendant also requests for $222.03 for outside copying costs. In his Objection, Plaintiff generally asserts that Defendant is not entitled to recover such copying costs because they were unnecessary. *See* ECF No. 255 at 8-9. The Court disagrees. First, Defendant seeks $34.86 for copies of documents obtained in the course of discovery, the majority of which were produced by Plaintiff. The Court finds that these costs are reasonable and were necessarily incurred.

Second, Defendant seeks $180.00 for copies of documents Plaintiff had filed in the Circuit Court of the First Circuit, State of Hawaiʻi. According to the Tannenbaum Affidavit, Defendant requested copies of such documents from Plaintiff during discovery. *See* ECF No. 252-2 at 12. Plaintiff, however, "refused to produce the requested documents, despite their being in his custody, possession and/or control, based on an objection that they were public records obtainable by Defendant elsewhere[.]" *Id.* Plaintiff does not dispute this in his Objection. The Court thus finds that Defendant necessarily incurred the cost to obtain these documents and that such costs are reasonable.

Third, Defendant requests $7.17 for oversized copies "of replications of maps and geological and architectural renditions . . . that were to be used as trial exhibits. They were necessary to defend against Plaintiff's claims of the alleged causation regarding the termination of his investment . . . and to contradict many of his factual allegations." *Id.* at 16. Based on the statements in the Tannenbaum Affidavit, the Court finds such costs are reasonable and were necessarily incurred.

Plaintiff argues that the Court should deny or reduce Defendant's award for copying costs because Defendant seeks reimbursement for costs that exceed $0.15 per page. *See* ECF No. 255 at 8-9. Local Rule 54.2(f)(4) states: "[T]he practice of this court is to allow taxation of copies at $.15 per page *or the actual cost charged by commercial copiers*, provided such charges are reasonable." LR54.2(f)(4) (emphasis added). Although several items in Defendant's requested copying costs exceeded $0.15 per page, the Court finds that Local Rule 54.2(f)(4) allows Defendant to recover the actual cost incurred for such copies, provided the charges are reasonable. In light of this Court's findings that the actual costs charged for Defendant's outside copies are reasonable, the Court declines to reduce Defendant's award.

Based on the foregoing, the Court finds that Defendant is entitled to recover all of his outside copying costs. The Court thus recommends that the district court award Defendant a $222.03 total for copying costs.

E.     Other Costs

Defendant seeks $960.79 for "other costs."  According to the Tannenbaum Affidavit, this amount represents "Defendant's actually-incurred costs arising from having to travel to/from his residence in California to the deposition location noticed by Plaintiff in Honolulu, Hawai'i . . . ."  ECF No. 252-2 at 4.  As set forth above, § 1821 allows recovery for a witness' reasonable travel expenses.  Generally, however, "the expenses of witnesses who are themselves parties are not taxable."  *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) (other citations omitted) (citing *Haroco, Inc. v. Am. Nat'l Bank and Trust Co.*, 38 F.3d 1429, 1442 (7th Cir. 1994)); *see also* 10 James WM. Moore, Moore's Federal Practice § 54.103[3][c][ii] (3rd ed. 2016) ("As interpreted by the courts . . . "witness" [under § 1821] does not include parties to the action; a party may not collect fees as a witness, nor may those fees be taxed as costs.").  Because Defendant is a party to this action, the Court finds that Defendant is not entitled to recovery for his own travel expenses.  Accordingly, the Court recommends that the district court deny Defendant's request for $960.79.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendant's Bill of Costs.

Specifically, the Court RECOMMENDS that the district court tax costs in favor of Defendant as follows:

|     |                             |            |
|-----|-----------------------------|-----------:|
| (A) | Fees for Service of Subpoenas | $209.59  |
| (B) | Transcript Costs            | $4,196.54  |
| (C) | Witness Fees                | $40.00     |
| (D) | Copying Costs               | $222.03    |
|     | **TOTAL**                   | **$4,668.16**[8] |

The Court RECOMMENDS that the district court deny Defendant's request for costs in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaiʻi, June 15, 2018.



    /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Emerson M.F. Jou, M.D. v. Gregory M. Adalian, et al.*, CV 15-00155 JMS-KJM; Findings and Recommendation to Grant in Part and Deny in Part Defendant's Bill of Costs

---

[8] This amount includes applicable GET to the extent Defendant requested GET in the Bill of Costs.