IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMERSON M.F. JOU, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY M. ADALIAN, <br><br> Defendant. | Civ. No. 15-00155 JMS-KJM <br><br> ORDER OVERRULING OBJECTIONS AND ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL OF COSTS |

**ORDER OVERRULING OBJECTIONS AND ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL OF COSTS**

**I. INTRODUCTION**

Plaintiff Emerson M.F. Jou objects under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) to Magistrate Judge Kenneth J. Mansfield's June 15, 2018 Findings and Recommendation to Grant in Part and Deny in Part Defendant Gregory M. Adalian's Bill of Costs ("June 15, 2018 F&R"). ECF No. 276. Based on the following, the objections are OVERRULED and the June 15, 2018 F&R is ADOPTED. As recommended, costs are taxed in favor of Defendant in the amount of $4,668.16.

## II. BACKGROUND

Plaintiff filed this suit on April 29, 2015, ECF No. 1, followed by a First Amended Complaint ("FAC") on November 13, 2015, ECF No. 21. Defendant filed a Motion for Judgment on the Pleadings as to the FAC on March 29, 2016, ECF No. 41, which the court granted on September 1, 2016, ECF No. 67. The court dismissed three counts of the FAC with prejudice, but granted Plaintiff leave to amend to re-assert a claim for intentional spoliation of evidence. Accordingly, Plaintiff filed the Second Amended Complaint ("SAC") on September 22, 2016, ECF No. 68.

After denying Plaintiff's Renewed Motion for Summary Judgment as to the spoliation claim, ECF No. 171, among many other intervening proceedings, the court held a status conference on August 1, 2017 to discuss the possibility of certifying a question of law (whether Hawaii recognized spoliation as a stand-alone tort) to the Hawaii Supreme Court, ECF No. 183. At that conference, the court granted Defendant leave to file a substantive motion regarding choice-of-law. *Id.* Defendant then filed a Motion for Judgment on the Pleadings, arguing that California (not Hawaii) law applied and that California did not recognize a tort of spoliation of evidence. ECF No. 193. That Motion was heard on February 12, 2018. ECF No. 235. And on April 25, 2018, the court granted Defendant's

Motion and dismissed the SAC with prejudice.  ECF No. 249; *Jou v. Adalian*, 2018

WL 1955415 (D. Haw. Apr. 25, 2018).

Following the April 25, 2018 entry of Judgment, Defendant filed a

Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1), seeking costs in

the amount of $6,834.88.  ECF No. 252.  After carefully examining the Bill of

Costs and considering Plaintiff's Objections to it, ECF No. 255, Magistrate Judge

Mansfield issued the June 15, 2018 F&R, which recommended granting it in part

and denying it in part.  Specifically, Magistrate Judge Mansfield recommended

reducing the amount sought, and taxing costs in favor of Defendant under 28

U.S.C. § 1920 as follows:

| | |
|---|---|
| (A) Fees for Service of Subpoenas | $209.59 |
| (B) Transcript Costs | $4,196.54 |
| (C) Witness Fees | $40.00 |
| (D) Copying Costs | $222.03 |
| **Total** | **$4,668.16** |

ECF No. 265 at 19.

On June 29, 2018, Plaintiff filed Objections to the June 15, 2018 F&R

pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2).  ECF No. 276.  Defendant did

not file a response.  The court decides the matter under Local Rule 7.2(e) without

an oral hearing.

### III. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or

recommendations, the district court must review de novo those portions to which

the objections are made and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he

district judge must review the magistrate judge's findings and recommendations de

novo *if objection is made*, but not otherwise."). That is, "[t]he district judge may

accept the portions of the findings and recommendation to which the parties have

not objected as long as it is satisfied that there is no clear error on the face of the

record." *Naehu v. Read*, 2017 WL 1162180, at \*3 (D. Haw. Mar. 28, 2017)

(citations omitted).

Under a de novo standard, this court reviews "the matter anew, the

same as if it had not been heard before, and as if no decision previously had been

rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United*

*States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not

hold a de novo hearing; however, it is the court's obligation to arrive at its own

independent conclusion about those portions of the magistrate judge's findings or

recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## IV. <u>DISCUSSION</u>

Plaintiff does not object to any specific finding or any particular category of costs in the June 15, 2018 F&R. He does not challenge any mathematical calculations or the authenticity of any particular invoice. Rather, Plaintiff's "objections are to the F&Rs in their entirely [sic, entirety]." Objs. at PageID#5978. He argues that the costs are too high because of "Defendant's severe overworking of his case." *Id.* at PageID#5979.

This is an ironic argument (given the court's intimate familiarity with this complicated litigation) — *Plaintiff*, not Defendant, filed multiple motions during this litigation, many of which may not have been necessary and which were unsuccessful. For example, (1) Plaintiff filed and re-filed a Motion for Summary Judgment on the spoliation claim seeking affirmative relief at a stage where the record clearly indicated the existence of questions of material fact, *see* ECF Nos. 74 & 127 — the latter motion was denied, ECF No. 171; (2) Plaintiff filed a motion for discovery sanctions and entry of default, or for evidentiary sanctions, ECF No. 122 — that motion was denied, ECF No. 180; (3) Plaintiff filed a Motion for Judgment on the Pleadings as to Defendant's Answer and Affirmative

Defenses, ECF No. 176 — that motion was denied, ECF No. 196; and (4) Plaintiff

filed a Motion for Rule 16(f) Sanctions, ECF No. 218 — and that motion was

denied, ECF No. 238.  If anything, Plaintiff (not Defendant) "severely

overworked" the case.  Subject to the limitations in Rule 54(b)(1), a court may

award costs incurred by Defendant in responding to Plaintiff's actions in the course

of litigation — indeed, Defendant would not have prevailed at all if he had not

responded appropriately to Plaintiff's attempts at affirmative relief.[1]  And the June

15, 2018 F&R carefully explained why each category of costs was justified under

Rule 54(b)(1) and 28 U.S.C. § 1920.

Plaintiff argues that Defendant's Motion for Judgment on the

Pleadings regarding choice-of-law — on which Defendant ultimately prevailed —

could have or should have been brought much earlier in the case (as early as

November 2015, according to Plaintiff).  *See* Objs. at PageID#5981 ("None of

these items required further discovery, or a pleading war with Plaintiff, when the

FRCP 12(c) threshold motions were required to be filed in November of 2015.").[2]

---

[1] And it appears that Defendant limited the amounts sought only to costs for some relevant proceedings.  *See* Tannenbaum Decl. ¶¶ 12, 13, ECF No. 252-2.

[2] The November 2015 date given by Plaintiff makes no sense as a date on which Defendant could have dismissed the SAC, which was not filed until September 22, 2016.  ECF No. 68.  Plaintiff ignores the substantial litigation that went into dismissal of the FAC, which

(continued . . .)

6

Defendant should have had this case dismissed earlier, so Plaintiff's argument

goes, and doing so would have avoided excessive costs incurred in the course of

the litigation.

But this argument proves too much. It is a tacit admission that

Plaintiff's own lawsuit (or at least the SAC) had no merit from the day it was filed,

and thus should have been dismissed soon after it was brought. Given the posture

and history of this dispute, however, the grounds were not so obvious. Regardless

— as exemplified in the court's orders dismissing the FAC (ECF No. 67; *Jou v.*

*Adalian*, 2016 WL 4582042 (D. Haw. Sept. 1, 2016)) and dismissing the SAC

(ECF No. 249; *Jou*, 2018 WL 1955415) — this was a factually and procedurally

complex case, and the record does not support Plaintiff's argument that Defendant

incurred the awarded costs unnecessarily.

///

///

///

///

///

---

(. . . continued)
was filed in November 2015. And costs incurred by Defendant in relation to prevailing on the
three counts in the FAC — incurred prior to the filing of the SAC — would be recoverable.

# V.  **CONCLUSION**

Upon review of the June 15, 2018 Findings and Recommendation, and considering Plaintiff's Objections, the court OVERRULES the Objections and ADOPTS the June 15, 2018 Findings and Recommendation.  Costs are taxed in favor of Defendant in the amount of **$4,668.16**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 6, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Jou v. Adalian*, Civ. No. 15-00155 JMS-KJM, Order Overruling Objections and Adopting Findings and Recommendation to Grant in Part and Deny in Part Defendant's Bill Of Costs